1   ERSKINE & TULLEY
    A PROFESSIONAL CORPORATION
2   MICHAEL J. CARROLL (ST. BAR #50246)
    220 Montgomery Street, Suite 303
3   San Francisco, CA  94104
    Telephone:  (415) 392-5431
4   Facsimile:  (415) 392-1978

5   Attorneys for Plaintiffs

6

7

8
                    UNITED STATES DISTRICT COURT
9
                 NORTHERN DISTRICT OF CALIFORNIA
10

11

12  BOARD OF TRUSTEES OF THE SHEET METAL WORKERS)   NO. C 07 5441 SI
    HEALTH CARE PLAN OF NORTHERN CALIFORNIA,    )
13  SHEET METAL WORKERS PENSION TRUST OF        )
    NORTHERN CALIFORNIA, SHEET METAL WORKERS    )
14  LOCAL 162 VACATION, HOLIDAY SAVINGS PLAN;   )   FIRST AMENDED
    DENNIS CANEVARI, TRUSTEE,                   )   COMPLAINT
15                                              )
                         Plaintiffs,            )
16                                              )
             vs.                                )
17                                              )
    BART MILL MECHANICAL, a California          )
18  corporation                                 )
                                                )
19                       Defendant.             )
    _____)
20

21          Plaintiffs complain of defendant and for a cause of action

22  alleges that:

23          1.   Jurisdiction of this Court is founded upon Section 301

24  (c)(1) of the National Labor Relations Act of 1947 [29 U.S.C. §185(a)]

25  and Section 502 of the Employee Retirement Income Security Act of

26  1974, said Act being hereinafter referred to as "ERISA" (29 U.S.C.

27  §1132), in that defendant has violated a collective bargaining

28  agreement and certain Trust Agreements, thereby violating the

                        FIRST AMENDED COMPLAINT
                              -1-

provisions of ERISA and the provisions of the National Labor Relations Act of 1947.   This action is also brought pursuant to the Federal Declaratory Judgment Act (28 U.S.C. §2201 et seq.) in a case of actual controversy between plaintiffs and defendant, and for a Judgment that defendant pay fringe benefit contributions in accordance with its contractual obligations.

2.   Plaintiffs Boards of Trustees of the Trust Funds named in the caption (hereinafter "Trust Funds") are trustees of employee benefit plans within the meaning of §§3(1) and (3) and §502(d)(1) of ERISA, 29 U.S.C. §1002(1) and (3) and §1132(d)(1), and a multiemployer plan within the meaning of §§3(37) and 515 of ERISA, 29 U.S.C. §§1002(37) and §1145.   Plaintiff Duane Turner is a trustee.   Said Trust Funds are authorized to maintain suit as independent legal entities under §502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

3.   Plaintiffs are informed and believes and thereupon alleges that defendant, BART MILL MECHANICAL resides and does business in Shingle Springs, California.   Performance of the obligations set forth therein is in this judicial district.

4.   Each and every defendant herein is the agent of each and every other defendant herein.   Defendants and each of them are engaged in commerce or in an industry affecting commerce.

5.   At all times pertinent hereto, defendant was bound by a written collective bargaining agreement with Sheet Metal Workers Local Union No. 162, a labor organization in an industry affecting commerce.   The aforesaid agreement provide that defendant shall make contributions to the TRUST FUNDS, on behalf of defendant's employees on a regular basis on all hours worked, and that defendant shall be bound to and abide by all the provisions of the respective Trust

1  Agreements and Declarations of Trust of said TRUST FUNDS (hereinafter
2  the "Trust Agreements").
3      6.    The Trust Funds rely upon a self reporting system.
4  Defendant has unique knowledge of the amounts of contributions that
5  it is liable to pay each month, and has a fiduciary obligation to
6  accurately report the amount to the Trust Funds.
7      7.    Defendant has breached both the provisions of the
8  collective bargaining agreement and the Trust Agreements above
9  referred to by failing to complete and send in monthly reports and/or
10 to pay all moneys due thereunder on behalf of defendant's employees
11 to the TRUST FUNDS.  Said breach constitutes a violation of ERISA (29
12 U.S.C. 1002, et seq.) and of the National Labor Relations Act of 1947.
13     8.    Defendant has failed and refused to pay its March 2007
14 contribution in a timely manner. Defendant has not properly paid
15 August or September 2007 contributions to the TRUST FUNDS.  Liquidated
16 damages and interest are now due and owing.  The total amount due is
17 unknown; additional monthly amounts will become due during the course
18 of this litigation and in the interest of judicial economy, recovery
19 of said sums will be sought in this case.
20     9.    Demand has been made upon said defendant, but defendant
21 has failed and refused to pay the amounts due the TRUST FUNDS or any
22 part thereof; and there is still due, owing and unpaid from defendant
23 the amounts set forth in Paragraph 8 above.
24     10.   An actual controversy exists between plaintiffs and
25 defendant in that plaintiffs contend that plaintiffs are entitled to
26 a timely monthly payment of trust fund contributions now and in the
27 future pursuant to the collective bargaining agreement and the Trust
28 Agreements, and defendant refuses to make such payments in a timely

1    manner.

2    11.  The Trust Funds do not at this time seek to audit the
3    books and records of defendant.  The only issue raised in this
4    complaint is defendant's failure to complete and file voluntary
5    monthly reports and pay the contributions due.  The Trust Funds seek
6    to obtain a judgment for any outstanding delinquent contributions
7    based on defendant's reports and to reserve the right to audit
8    defendant for this or any other unaudited period.

9    12.  The Trust Agreements provide that, in the event suit
10    is instituted to enforce payments due thereunder, the defendant shall
11    pay court costs and reasonable attorneys' fee.  It has been necessary
12    for plaintiff to employ ERSKINE & TULLEY, A PROFESSIONAL CORPORATION,
13    as attorneys to prosecute the within action, and  reasonable
14    attorneys' fee should be allowed by the Court on account of the
15    employment by plaintiff of said attorneys.

16    WHEREFORE, plaintiffs pray:

17    1.  That the Court render a judgment on behalf of plaintiffs
18    for all contributions due and owing to the date of judgment based upon
19    unaudited reporting forms, plus liquidated damages provided for by the
20    contract, interest at the legal rate, reasonable attorneys' fees
21    incurred in prosecuting this action and costs.

22    2.  That the Court enjoin the defendant from violating the
23    terms of the collective bargaining agreements and the Trust Agreements
24    for the full period for which defendant is contractually bound to file
25    reports and pay contributions to the TRUST FUNDS.

26    3.  That the Court reserve plaintiffs' contractual right to
27    audit defendant for months prior to judgment, and in the event of such
28    audit, collect any additional sums which may be due.

FIRST AMENDED COMPLAINT
-4-

1         4.   That the Court retain jurisdiction of this cause pending

2 compliance with its orders.

3         5.   For such other and further relief as the Court deems

4 just and proper.

5 DATED: December 13, 2007       ERSKINE & TULLEY
                       A PROFESSIONAL CORPORATION

6

7

8                        By:/s/Michael J. Carroll
                          Michael J. Carroll
                          Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT
-5-