ERSKINE & TULLEY
A PROFESSIONAL CORPORATION
MICHAEL J. CARROLL (ST. BAR #50246)
220 Montgomery Street, Suite 303
San Francisco, CA  94104
Telephone:  (415) 392-5431
Facsimile:  (415) 392-1978

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SHEET METAL WORKERS HEALTH CARE PLAN OF NORTHERN CALIFORNIA, SHEET METAL WORKERS PENSION TRUST OF NORTHERN CALIFORNIA, SHEET METAL WORKERS LOCAL 162 VACATION, HOLIDAY SAVINGS PLAN; DENNIS CANEVARI, TRUSTEE,<br><br>  Plaintiffs,<br><br>    vs.<br><br>DAVID BARTLEY AND JASON MILLS, individually and doing business as BART MILL MECHANICAL<br><br>  Defendant. | NO. C 07 5441 SI<br><br>SECOND AMENDED COMPLAINT |

Plaintiffs complain of defendant and for a cause of action alleges that:

1.  Jurisdiction of this Court is founded upon Section 301 (c)(1) of the National Labor Relations Act of 1947 [29 U.S.C. §185(a)] and Section 502 of the Employee Retirement Income Security Act of 1974, said Act being hereinafter referred to as "ERISA" (29 U.S.C. §1132), in that defendant has violated a collective bargaining agreement and certain Trust Agreements, thereby violating the

1  provisions of ERISA and the provisions of the National Labor Relations
2  Act of 1947. This action is also brought pursuant to the Federal
3  Declaratory Judgment Act (28 U.S.C. §2201 et seq.) in a case of actual
4  controversy between plaintiffs and defendants, and for a Judgment that
5  defendant pay fringe benefit contributions in accordance with its
6  contractual obligations.

7  　　　2.  Plaintiffs Boards of Trustees of the Trust Funds named
8  in the caption (hereinafter "Trust Funds") are trustees of employee
9  benefit plans within the meaning of §§3(1) and (3) and §502(d)(1) of
10 ERISA, 29 U.S.C. §1002(1) and (3) and §1132(d)(1), and a multiemployer
11 plan within the meaning of §§3(37) and 515 of ERISA, 29 U.S.C.
12 §§1002(37) and §1145. Plaintiff Dennis Canevari is a trustee. Said
13 Trust Funds are authorized to maintain suit as independent legal
14 entities under §502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

15 　　　3.  Plaintiffs are informed and believes and thereupon
16 alleges that defendants, DAVID BARTLEY AND JASON MILLS, individually
17 and doing business as BART MILL MECHANICAL reside and do business in
18 Shingle Springs, California. Performance of the obligations set forth
19 therein is in this judicial district.

20 　　　4.  Each and every defendant herein is the agent of each
21 and every other defendant herein. Defendants and each of them are
22 engaged in commerce or in an industry affecting commerce.

23 　　　5.  At all times pertinent hereto, defendants were bound
24 by a written collective bargaining agreement with Sheet Metal Workers
25 Local Union No. 162, a labor organization in an industry affecting
26 commerce. The aforesaid agreement provide that defendant shall make
27 contributions to the TRUST FUNDS, on behalf of defendants' employees
28 on a regular basis on all hours worked, and that defendants shall be

bound to and abide by all the provisions of the respective Trust Agreements and Declarations of Trust of said TRUST FUNDS (hereinafter the "Trust Agreements").

6. The Trust Funds rely upon a self reporting system. Defendants have unique knowledge of the amounts of contributions that it is liable to pay each month, and has a fiduciary obligation to accurately report the amount to the Trust Funds.

7. Defendants have breached both the provisions of the collective bargaining agreement and the Trust Agreements above referred to by failing to complete and send in monthly reports and/or to pay all moneys due thereunder on behalf of defendants' employees to the TRUST FUNDS. Said breach constitutes a violation of ERISA (29 U.S.C. 1002, et seq.) and of the National Labor Relations Act of 1947.

8. Defendants have failed and refused to pay its March 2007 contribution in a timely manner. Defendant has not properly paid August or September 2007 contributions to the TRUST FUNDS. Liquidated damages and interest are now due and owing. The total amount due is unknown; additional monthly amounts will become due during the course of this litigation and in the interest of judicial economy, recovery of said sums will be sought in this case.

9. Demand has been made upon said defendants, but defendants have failed and refused to pay the amounts due the TRUST FUNDS or any part thereof; and there is still due, owing and unpaid from defendant the amounts set forth in Paragraph 8 above.

10. An actual controversy exists between plaintiffs and defendants in that plaintiffs contend that plaintiffs are entitled to a timely monthly payment of trust fund contributions now and in the future pursuant to the collective bargaining agreement and the Trust

Agreements, and defendants refuse to make such payments in a timely manner.

11. The Trust Funds do not at this time seek to audit the books and records of defendants. The only issue raised in this complaint is defendants' failure to complete and file voluntary monthly reports and pay the contributions due. The Trust Funds seek to obtain a judgment for any outstanding delinquent contributions based on defendants' reports and to reserve the right to audit defendant for this or any other unaudited period.

12. The Trust Agreements provide that, in the event suit is instituted to enforce payments due thereunder, the defendant shall pay court costs and reasonable attorneys' fee. It has been necessary for plaintiff to employ ERSKINE & TULLEY, A PROFESSIONAL CORPORATION, as attorneys to prosecute the within action, and reasonable attorneys' fee should be allowed by the Court on account of the employment by plaintiff of said attorneys.

WHEREFORE, plaintiffs pray:

1. That the Court render a judgment on behalf of plaintiffs for all contributions due and owing to the date of judgment based upon unaudited reporting forms, plus liquidated damages provided for by the contract, interest at the legal rate, reasonable attorneys' fees incurred in prosecuting this action and costs.

2. That the Court enjoin the defendants from violating the terms of the collective bargaining agreements and the Trust Agreements for the full period for which defendant is contractually bound to file reports and pay contributions to the TRUST FUNDS.

3. That the Court reserve plaintiffs' contractual right to audit defendants for months prior to judgment, and in the event of

such audit, collect any additional sums which may be due.

     4.   That the Court retain jurisdiction of this cause pending compliance with its orders.

     5.   For such other and further relief as the Court deems just and proper.

DATED: June 10, 2008

ERSKINE & TULLEY
A PROFESSIONAL CORPORATION

By: /s/Michael J. Carroll
    Michael J. Carroll
    Attorneys for Plaintiffs

SECOND AMENDED COMPLAINT

-5-